[No. 15154.   Department Two.   May 1, 1919.]

GIOVANINA MAGNONI, *Appellant*, v. JOSEPH BONO, *Respondent*.[1]

MORTGAGES (247)—FORECLOSURE—SATISFACTION BY SALE. Upon recovering judgment for money loaned and foreclosing a contract given as security, the bidding in of the property at execution sale for the full amount fully satisfies the judgment and debt for the loan.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered June 17, 1918, dismissing an action on contract, upon sustaining a demurrer to the complaint. Affirmed.

*J. W. Brooks*, for appellant.

*John C. Hurspool*, for respondent.

[1]Reported in 180 Pac. 888.

PARKER, J.—The plaintiff, Magnoni, sought recovery in the superior court for Walla Walla county from the defendant, Bono, upon facts alleged in the complaint as follows:

"(1) That on or about the 16th day of January, 1915, the defendant made and entered into a contract with the plaintiff wherein and whereby the said defendant, in consideration of the said plaintiff herein paying the sum of $3,000 to the said defendant, and accepting a deed to the following described lands and premises, situate, lying and being in the county of Union and state of Oregon, . . . subject to a contract to convey said lands to Sarah J. Gumm, upon the payment by the said Sarah J. Gumm of the sum of $3,000, . . . together with interest thereon at the rate of eight per cent per annum, payable annually, promising and agreeing upon the default of the said Sarah J. Gumm in making any of the payments of either principal or interest, or both or any part thereof, then the said defendant would pay to the plaintiff herein, the sum of $3,000 and all of the accruing and accrued interest thereon and would take up the said legal title to said lands and pay all expenses which shall necessarily be incurred thereon and thereby and save the said party of the second part (plaintiff) harmless from any and all loss or damage of either principal or interest and expenses.

"(2) That thereafter and on or about the 6th day of September, 1916, the said Sarah J. Gumm paid to the defendant, Joseph Bono, without the knowledge or consent of this plaintiff, the sum of $1,200 on said contract, which said sum of $1,200 the said Joseph Bono appropriated to his own use and benefit.

"(3) That thereafter the said Sarah J. Gumm made default in the payment of the principal, interest, costs and expenses, and this plaintiff commenced an action and thereafter obtained a judgment in the circuit court of the state of Oregon, for the county of Union, on or about the 23rd day of June, 1917, in which said action this plaintiff was plaintiff and the said Sarah J. Gumm and J. J. Gumm, her husband,

and the defendant herein, Joseph Bono, were defendants, for the sum of $3,000, together with interest thereon from the 15th day of November, 1915, until paid at the rate of 8 per cent per annum and the further sum of $250 attorney's fees and her costs and disbursements in said action and further decreed that the contract of Sarah J. Gumm be foreclosed on the aforesaid lands and premises; and that thereafter and on or about the 20th day of August, 1917, under and by virtue of an order of sale under said judgment and decree, the sheriff of Union county, state of Oregon, offered said lands and premises therein described for sale and there being no bids offered thereon, this plaintiff was compelled to and did take said lands and premises for the sum of said judgment amounting to $3,714.23 and for which said amount she received the certificate of purchase from the sheriff of Union county, state of Oregon, which said certificate of purchase duly assigned to the defendant herein, this plaintiff herewith tenders and offers to the defendant, upon the payment of the amount due thereon.''

The prayer of the plaintiff was for judgment against the defendant for the sum of $3,714.23, the amount for which judgment and decree of foreclosure was rendered in her favor by the Oregon court, being also the amount bid by her for the land sold in pursuance of the judgment and decree of foreclosure. The defendant's demurrer to this complaint, upon the ground that it failed to state a cause of action, having been sustained by the superior court, and she electing to stand upon her complaint and not plead further, judgment of dismissal was rendered against her, from which she has appealed to this court.

We are quite unable to see that appellant is in any different position, in so far as her present claimed right of recovery against respondent is concerned, than she would have been had she held a mortgage in form, sought and obtained judgment and decree of

foreclosure of the same, and, at a sale in pursuance of such judgment and decree of foreclosure, purchased the land for the full amount adjudged to be due her. In such a case, manifestly appellant would, by such a purchase, have in effect acknowledged full satisfaction of the judgment. True, appellant alleges that she was compelled to bid for and take the land for the amount of the judgment and decree of foreclosure rendered by the Oregon court, for want of other bids; but this allegation, we think, does not mean that she was compelled to bid the full amount awarded her by the Oregon court. We see nothing in the contract or other facts pleaded by her suggesting that she was required so to do. Having sought and obtained in the Oregon court judgment against respondent, as well as against Mrs. Gumm and husband, for the full amount here sued for, and having bid for the land sold in pursuance of that judgment, the full amount awarded her, appellant, we think, has thereby, in legal effect, been fully paid all that respondent was obligated to pay her.

The judgment is affirmed.

CHADWICK, C. J., HOLCOMB, FULLERTON, and MOUNT, JJ., concur.